## *In re* CHARLES HESS AND REUBEN ORR.
### No. 256.

1. JURISDICTION—*of person charged with crime in two states, one first obtaining, had exclusive; but governor may waive.* Where a person is charged with the commission of an offense against two separate states or territories and is apprehended in one of them, and the laws of such state or territory have been put in force against him, it has exclusive jurisdiction of the prisoner until the demands of its laws are satisfied. If, however, the governor of such state honors a requisition for the prisoner made upon him by the governor of the other state and surrenders him to the demanding state, it will operate as a waiver of the jurisdiction of the asylum state.

2. "FLEE FROM JUSTICE"—*applied.* The term "flee from justice," in article IV, section 2, of the Constitution of the United States, includes cases where a citizen of one state commits a crime in another state and then returns home.

3. CRIMINAL PROCEDURE—*person may be convicted of bringing stolen property into this State unless convicted or acquitted of the stealing in another state.* Paragraphs 2559 and 2560 of the General Statutes of 1889, construed together, provide that a person may be convicted and punished for the larceny of property if he brings stolen property within the borders of the State, although the theft may have occurred outside of the State; but if the person has been either convicted or acquitted of the larceny of the same property elsewhere, such conviction or acquittal is a bar to any other or further proceedings against him for the larceny of such property.

4. STATUTE OF SISTER STATE—*presumed to be same as ours.* In the absence of evidence to the contrary, we must presume that the laws of Oklahoma Territory are the same as the laws of our own State upon the same subject.

Original proceeding in *habeas corpus.* Opinion filed April 13, 1897. *Petitioners remanded.*

The petitioners, Charles Hess and Reuben Orr, made an application in due form to Hon. B. F. Milton, one of the judges of the Kansas Court of Appeals of the Southern Department, for a writ of *habeas corpus.* The cause was submitted to the judges upon the following agreed statement of facts :

" It is agreed by and between the petitioners by H. J. Bone and M. W. Sutton, their attorneys, and George M. Grimes, respondent, by Temple Houston, his attorney, that the above entitled cause may be heard upon the following agreed statement of facts, not only in this court, but to all courts to which this case may be taken or appealed :

" First, that Charles Hess and Reuben Orr are now, and have been for more than one year prior to the institution of the proceedings hereinafter mentioned, residents of the county of Woodward, Territory of Oklahoma ; that on the twenty-fourth day of October, 1896, a complaint duly sworn to was made before a justice of the peace of said county charging said petitioners with the crime of grand larceny, a copy of which complaint is referred to and made a part here-

of, the same being set out in full in petitioners' application; that on the twenty-sixth day of October, 1896, said justice of the peace issued a warrant upon said complaint, by virtue of which the petitioners were arrested by the sheriff of Woodward County, Oklahoma, and taken before said justice of the peace; that a hearing or preliminary examination was had, and the petitioners were held and bound to await the action of the District Court of Woodward County and the grand jury thereof; that on the eighteenth day of December, 1896, they were by the grand jury of said Woodward County, indicted and charged with the crime of grand larceny, and that the offense laid in the indictment was and is the same for which they were arrested and charged before the justice of the peace aforesaid; that they were arrested upon a warrant issued by the clerk of the court of Woodward County by virtue of said indictment, on said eighteenth day of December, 1896, and were taken before the court on said day, and there plead not guilty to said indictment, and bail was by the court fixed at the sum of seven hundred dollars each for their appearance at the June term of said court for the year 1897, which bail was then and there given, and the petitioners were discharged; and thereupon said cause was by said court continued until the June term for the year 1897, of said court, and that said proceedings are still pending and undetermined in said Woodward County District Court; that afterwards and on the eleventh day of November, 1896, the county attorney of Clark County, Kansas, filed an information in the District Court of Clark County, Kansas, charging these petitioners with the crime of grand larceny, and afterwards an application was made to the Governor of the State of Kansas for a requisition upon the Governor of the Territory of Oklahoma, based upon a certified copy of said information which is fully set out in the petitioners' application for a writ of *habeas corpus* in this case, and an affidavit stating the facts constituting the crime, sworn to by Temple Houston, Esq., attorney at law, who had appeared and prosecuted as an attorney for the Territory and appeared for the

Territory in the District Court of Woodward County as private counsel for complainant, representing the Territory in the proceedings therein had and herein set out; that upon application so made to the Governor of Kansas a requisition was issued upon the Governor of Oklahoma Territory, and upon the requisition so made the Governor of Oklahoma Territory issued his warrant for the arrest and return to Kansas of the petitioners, which warrant of the Governor of Oklahoma Territory was signed and issued prior to discharge of petitioners herein upon their giving bail as aforesaid in the District Court of Woodward County, Oklahoma; that the warrant so issued by the Governor of Oklahoma Territory was executed on the eighteenth day of December, 1896, and these petitioners were arrested and brought to the State of Kansas, and incarcerated in the jail of Clark County, Kansas, and were and are confined in said jail; that the claim of the State in the case of the State of Kansas against these petitioners pending in Clark County District Court, is that these petitioners stole the property described in the information filed in the District Court of Clark County, Kansas, in Woodward County, Oklahoma Territory, and drove the same into Clark County in the State of Kansas; that the property for the stealing of which the petitioners were arrested and indicted is the identical property described in the information upon which petitioners are being prosecuted in Clark County, Kansas, and if taken at all was taken in the same transaction and at the same time, and that the action for which these petitioners are being prosecuted is brought under paragraph 2559, being section 419 of the Crimes and Punishments Act of the State of Kansas, General Statutes of 1889, volume 1. It is further agreed that all of the proceedings of the court that are of record in Woodward County, Oklahoma Territory, are embraced and embodied in the application of your petitioners herein, together with the further statement herein made concerning *habeas corpus,* in Woodward County, Oklahoma Territory; that after the Governor of Oklahoma had honored the requisition aforesaid of the

Governor of Kansas, and issued his warrant thereon for the arrest of petitioners, and while they were in custody by virtue of such warrant, petitioners on the — day of December, 1896, applied to the Hon. Frank Dale, Judge of the First Judicial District, Territory of Oklahoma, for a writ of *habeas corpus* in order that petitioners might be released and discharged from such arrest, and upon a hearing of such application during a term of the District Court of Woodward County, said Territory, on the — day of December, 1896, the said Judge Frank Dale ordered that petitioners be remanded and surrendered to the custody of Geo. M. Grimes, agent of the State of Kansas for the apprehension and arrest of petitioners, in order that said petitioners might answer whatever charges pended against them in said State of Kansas.

" It is further agreed that the petitioners were in Clark County, Kansas, at the time at which the commission of the offenses charged in the information filed against them in said county is laid, and on which the warrant by virtue of which petitioners are held was based, and that petitioners were in Woodward County, Oklahoma Territory, at the time of their arrest. It is expressly stipulated by and between counsel for petitioners and respondent that the stipulations herein contained shall not be used in the case of Eddleman Brothers v. Charles Hess *et al.*, pending in the justice's court of Center Township, Clark County, Kansas, nor in a certain criminal cause pending in the district court of said county, entitled The State of Kansas v. Charles Hess *et al.*, and that no recital in this record shall be construed as applying to said causes, but is limited in its operation to the application of petitioners for release under the writ of *habeas corpus*."

*M. W. Sutton*, and *H. J. Bone*, for petitioners.

*Temple Houston*, for respondent.

DENNISON, P. J. It is contended on behalf of the petitioners that the District Court of Woodward County, Oklahoma, had jurisdiction of the petitioners.

The case of *Taylor v. Taintor* (16 Wall. 366) and other cases are cited in support of the contention. That on December 18, 1896, the Woodward County District Court had jurisdiction of the petitioners, is not controverted. Neither is there any question that on that day the Territory of Oklahoma waived its jurisdiction by the act of its Governor in delivering up the petitioners to the agent of the State of Kansas upon the requisition of the Governor. By such delivery and surrender the Territory of Oklahoma can no longer require their appearance before her tribunals, and all obligations which she has taken to secure that result, thereupon, at once, *ipso facto*, lose their binding effect, and no action can be maintained upon the bonds given to secure their appearance before the Woodward County, Oklahoma, District Court. See *Taylor v. Taintor*, supra, and Am. & Eng. Ency. of Law, vol. 7, p. 643, § 19 and *notes* 2 and 3, and authorities there cited.

1. Jurisdiction.

It is also contended that the petitioners were not fugitives from justice within the meaning of the law. They were charged with the larceny of a calf in Woodward County, Oklahoma, and with driving the same calf into Clark County, Kansas, after having stolen it in Woodward County. The petitioners were in Clark County, Kansas, at the time the calf was alleged to have been brought into said county, and went from there to Woodward County, Oklahoma, where the calf is alleged to have been stolen. It is contended that instead of fleeing from justice they returned to the place where the crime is alleged to have been committed.

The petitioners are being prosecuted in Kansas, for the violation of paragraph 2559 of the General Statutes of 1889, which reads as follows :

" Every person who shall steal or obtain by robbery

the property of another, in any other state, territory
or country, and shall bring the same into this State,
may be convicted and punished for larceny in the
same manner [as] if the property had been feloniously
stolen or taken within this State; and in any such
cases, the larceny may be charged to have been com-
mitted, and may be indicted and punished, in any
county into or through which such stolen property
shall have been brought.''

The petitioners are charged with an offense against
the State of Kansas by bringing stolen property into
it.   The Kansas authorities do not charge them with
an offense against the Territory of Oklahoma but
against The State of Kansas.   When a complaint was
made and a warrant issued for their arrest to answer
for their infraction of Kansas laws, they were not in
Kansas.   They were in Oklahoma, having gone from
Kansas after the alleged commission of crime in Kan-
2. " Flee from    sas.   ''The term 'flee from justice' in
justice."         article IV, section 2, of the Constitution
of the United States, includes cases where a citizen
of one state commits a crime in another state and then
returns to his home.''  *Ex parte Swearingen*, 13 S. C.
74.  See also Am. & Eng. Ency. of Law, vol. 7, p. 646,
§ 23, and notes.

Counsel for the petitioners also contend that, be-
cause of the peculiar nature of the crime alleged to
have been committed, the ordinary interpretation of
the term ''fugitive from justice'' does not apply.
That the qualifications contained in paragraph 2560
of the General Statutes of 1889 provide that a former
conviction or acquittal for the same offense in another
state, territory or country, shall be a bar to other or
further proceedings against the accused.   These two
paragraphs construed together provide that a person
may be convicted and punished for the larceny of

770                       *In re* HESS.

S. Dept.            Opinion.   Dennison, P. J.       5 Kan. App.

**3. Procedure where crimes against two states.** property, if he brings stolen property within the borders of the State, although the theft may have occurred outside of the State; but if the person has been either convicted or acquitted of the larceny of the same property elsewhere, such conviction or acquittal is a bar to any other or further proceedings against him for the larceny of such property.

It is argued that a conviction or acquittal in Kansas is not, under the statutes of Oklahoma, a bar to an- **4. Statutes of other states.** other trial for the larceny of the same property in Oklahoma. The statutes of Oklahoma were not introduced in evidence and are not stated in the agreed statement of facts. We must therefore presume that they are the same as our own statutes upon the same subject. See *Scott v. Baird*, *ante*, p. 560, and cases there cited. Counsel for the petitioners also contend that the application to the Governor of Oklahoma was not made in good faith. Paragraph 3175 of the General Statutes of 1889 provides that the application must be "accompanied by sworn evidence that the party charged is a fugitive from justice, and that the application is made in good faith for the punishment of crime, and not for the purpose of collecting a debt, or pecuniary mulct, or of recovering the alleged fugitive to a foreign jurisdiction, with a view there to serve him with civil process."

If the proper affidavit was not presented to the Governor of Kansas we are not advised of it. It does not appear whether or not the county attorney of Clark County or the Governor of Kansas knew that the petitioners were arrested in Woodward County, Oklahoma. We would suppose they did not know that such was the case, for the reason that if they had

known that the original theft had occurred in Woodward County, Oklahoma, and that the guilty parties had been apprehended and were under bonds to appear before the district court of that county to answer for the offense, they would have permitted Woodward County, Oklahoma, to be at the expense of prosecuting, convicting and caring for her own criminals, instead of burdening Clark County, Kansas, with it. However, if they had known these things they could, if they had so desired, have proceeded in the same manner in which they did proceed.

It is claimed by the respondent that the action of Judge Dale of the District Court of Woodward County, Oklahoma, in refusing to release the petitioners upon the *habeas corpus* proceedings prosecuted before him, is a waiver of the jurisdiction of the Territory of Oklahoma over the persons of the petitioners. We cannot assent to this claim. However, the action of the Governor of Oklahoma in honoring the requisition of the Governor of Kansas, is such a waiver.

It follows from what has already been said in this opinion, that the petitioners, Charles Hess and Reuben Orr, were charged with having committed an offense against both Oklahoma Territory and the State of Kansas, and that Oklahoma Territory first obtained jurisdiction of the persons of the petitioners; that the Executive of Oklahoma Territory waived such jurisdiction and turned them over to the authorities of Kansas, and that they are now legally in the custody of Geo. M. Grimes, respondent, as Sheriff, to answer the charge made against them in Clark County, Kansas. During the hearing of this application, the attorneys for the petitioners and the respondent agreed that seven hundred dollars was an adequate amount of bail for each of the petitioners, and an order has

already been made, pending this hearing, fixing the amount of bail to be required of each petitioner at said sum of seven hundred dollars.

' It is therefore ordered that the petitioners, Charles Hess and Reuben Orr, be, and they each are, hereby remanded to the custody of the respondent, Geo. M. Grimes, Sheriff of Clark County, Kansas, to be held by him under the terms of the commitment now in his hands.  It is further ordered that the said Charles Hess and Reuben Orr, or either of them, may be released from the custody of said Sheriff upon executing and delivering to said Sheriff a good and sufficient bond in the sum of seven hundred dollars for each petitioner, conditioned that they will appear on the first day of the next term of the District Court of Clark County, Kansas, to answer the charges alleged against them, and not depart the same without leave of the court first obtained.