No. 36,939

In the Matter of the Application of JAMES HOSTETLER, *Petitioner*, v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent*.

(184 P. 2d 994)

Opinion filed October 4, 1947.

*Harold E. Doherty*, of Topeka, argued the cause and was on the briefs for petitioner.

*Harold R. Fatzer*, assistant attorney general, argued the cause, and *Edward F. Arn*, attorney general, was with him on the briefs for respondent.

The opinion of the court was delivered by·

SMITH, J.: This is an original proceeding in habeas corpus wherein petitioner seeks to be released from confinement in the state penitentiary at Lansing, where he is confined under a commitment issued out of the district court of Wyandotte county under date of April 6, 1929.

There is not much dispute about the facts.

Defendant was found guilty of theft of an automobile. On April 6, 1929, he was sentenced on that charge to a term of not less than ten nor more than twenty years. The sentence was doubled on account of a previous conviction of a felony. He was received at the penitentiary April 6, 1929.

Sometime during 1936 he was paroled from that sentence. Sometime during 1938 this parole was revoked and he was returned to the prison. So far no complaint is made by him as to the regularity of the proceedings. During May, 1939, he was again permitted to go on parole. Sometime in August he was again apprehended. The

actual circumstances are not quite clear. The arrest took place in Missouri. He claims he was arrested in Missouri for violating his parole. The respondent does not concede this to be a fact. The record discloses his parole was not revoked until sometime later. At any rate, he was taken to Kansas City, Kan., and held there for about twenty-six days.

During that time he was indicted by the United States for the crime of post-office robbery. He was surrendered to the federal authorities, tried, convicted and sentenced to ten years confinement in the United States Penitentiary at Leavenworth. He was received there January 2, 1941. He was released therefrom December 27, 1946. Immediately on his release he was taken into custody by Kansas authorities under what is called a "Hold Order." This is an order whereby the authorities of one jurisdiction request the authorities of another jurisdiction to deliver a prisoner whose confinement is about to expire so that the authorities of the first jurisdiction may deal with him. It is quite commonly used by law enforcement officials.

The petitioner was delivered to the Kansas authorities by the federal authorities and he was taken to the state penitentiary, where he is now being held.

His sole complaint is that when the Kansas authorities had possession of his person in 1940 and surrendered possession of him to the federal authorities they then lost jurisdiction to punish him further. What the argument amounts to is that when a parole violator is taken into custody by state authorities whose parole he has violated, these authorities must take him back to the penitentiary forthwith, that is, they can do nothing else—either that or set him at liberty again on another parole.

There are two reasons why that argument is not good here. In the first place, the record discloses that the parole was not revoked until after petitioner was incarcerated in the penitentiary at Leavenworth. It is not at all certain that he was apprehended on account of having violated his parole. For all that appears in this record he was held for the twenty-six days at Kansas City, Kan., for the convenience of the federal authorities until he could be indicted. This often happens. The federal authorities have no jails in which to confine prisoners while they are being held. In such an event there was no surrender of the person of respondent by the state.

In the second place, conceding for the sake of argument that the parole was revoked at the time petitioner was apprehended in Missouri, or even that he was taken into custody because his parole was revoked, the state might still deliver him to the federal authorities for trial without forfeiting its right to take him into custody again when the federal authorities were through with him. Any other rule would cause rivalry between states and between states and the federal government, which would only result in hampering the general work of law enforcement.

There have been cases where one sovereign has permitted a person to be taken from a penal institution by another sovereign so that the second sovereign might proceed to try him and when the second sovereign was through with him he was returned to the first.

The rule is stated in 22 C. J. S. 239, as follows:

"As a general rule, federal courts have no right to interfere with the custody of state courts over persons in their possession. A state court may permit a federal court to exercise some jurisdiction over its prisoner without surrendering the prior jurisdiction which it has."

"This right of priority, however, is a matter of concern to the courts involved, it being for them, not accused, to decide which shall try or inflict punishment on him first. Hence, such right of priority may be waived, accused having no right to complain thereof, but such waiver extends no further than intended. Thus, one accused of an offense against both federal and state law may be subjected to trial in the courts of one of these sovereignties, when the other, which first had custody of his person, turns him over for such purpose, accused having no right to complain of the jurisdiction thereby conferred." (p. 238.)

See, also, *Ponzi v. Fessenden*, 258 U. S. 255, 66 L. Ed. 607; *United States v. Farrell*, 87 F. 2d 957; and *Florio v. Edwards*, 80 F. 2d 509.

It follows that the writ will be denied. It is so ordered.