## No. 39,020

W. B. THOMPSON, *Appellant,* v. HERBERT NYE, Sheriff of Leavenworth County, and JOHN DOE, Agent of the State of Nebraska, *Appellees.*

(257 P. 2d 937)

Opinion filed June 6, 1953.

W. B. Thompson was on the briefs *pro se*.

*Harold R. Fatzer*, attorney general, *Paul E. Wilson*, assistant attorney general, and *Colonel H. Boone*, county attorney, were on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal from a judgment denying a petition for a writ of habeas corpus.

Appellant was convicted on March 18, 1949, on a felony charge in the district court of the United States for the district of Nebraska and was committed to the United States penitentiary at Leavenworth, Kansas. Thereafter, he was charged in the state of Nebraska with having previously, on November 6, 1948, committed the offense of issuing a check with intent to defraud. On April 6, 1949, a detainer warrant was lodged for him in Kansas. On November 10, 1952, an extradition warrant was issued by the governor of Kansas in conformity with regular procedure in such cases. The warrant of the governor of Kansas, among other things, recited it had been made to appear to him appellant was a fugitive from justice of the state of Nebraska. Appellant was released from the federal penitentiary at Leavenworth November 17, 1952. Pursuant to the command contained in the warrant of the governor of Kansas appellant was arrested and taken into custody by Herbert Nye, sheriff of Leavenworth county. The district court of Leavenworth county denied the petition for the writ and appellant is now in the custody of the sheriff and a representative of the state of Nebraska, appellees.

Although appellant's application for the writ in the district court and the notice of appeal to this court were made by his counsel appellant appears to have prepared his own abstract and brief filed in this court. The record here indicates he is appearing *pro se*. We have most carefully examined his abstract and brief in order to ascertain the exact contentions he is advancing.

Appellant's principal contention appears to be he is not a "fugitive from justice" because he did not "flee from justice" from the state of Nebraska. He argues the three year statute of limitations of Nebraska has run on the Nebraska offense and he is entitled to his release. Neither contention is good. In *Colling v. State*, 116 Neb. 308, 217 N. W. 87, it was aptly said:

"The term 'fugitive from justice,' as used in statutes pertaining to extradition, is not synonymous in meaning with the term 'fleeing from justice,' as used in the statute of limitations. Ordinarily, in statutes relating to extradition the

term 'fugitive from justice' has reference to one who has committed an offense in one state or jurisdiction and is afterwards found in another. Generally, the motive that induced his going from the state or jurisdiction, where the offense was committed, to another is immaterial. The mere fact that he has gone from the jurisdiction, where the offense was committed, into another is held sufficient to make him a 'fugitive from justice,' within the meaning of the extradition statute. The term 'fleeing from justice,' as used in the statute of limitations, has a somewhat different significance. It means to leave one's usual place of abode, or to leave the jurisdiction, where an offense has been committed, with intent to avoid detection or prosecution for some public offense." (p. 310, 311.)

See, also, *Taylor v. State,* 138 Neb. 156, 292 N. W. 233; *Roberts v. Reilly,* 116 U. S. 80, 29 L. ed. 544, 6 Sup. Ct. 291. Our own decisions are to the same effect. (*In re Martin,* 142 Kan. 907, 52 P. 2d 1196; *Ohrazada v. Turner,* 164 Kan. 581, 584, 190 P. 2d 413; *Powell v. Turner,* 167 Kan. 524, 530, 207 P. 2d 492.) In the Martin case, *supra,* we said:

"Although there are authorities to the contrary, the general rule is where one commits an offense in the demanding state and thereafter goes or is taken into another or asylum state, his motives in leaving or the reasons why he has left the demanding state are immaterial." (p. 909.)

Appellant argues the state of Nebraska could have obtained his release from the federal penitentiary at Leavenworth at any time for the purpose of returning him to Nebraska for trial and it, therefore, should be held the statute of limitations has run. We need not labor the contention. In this case it is sufficient to say appellant was in the legal custody of the federal authorities in Kansas, the asylum state. The federal authorities were under no legal duty to surrender him to the state of Nebraska during his commitment. Moreover there is no evidence in the record they would have surrendered him had they been requested to do so.

The action was commenced in Nebraska within three years from the date the offense was committed. The Nebraska warrant does not show on its face appellant was available for service in Nebraska during the three year period. The governor of Kansas found appellant was a fugitive from justice.

In *Perry v. Gwartney,* 162 Kan. 607, 178 P. 2d 185, the petitioner contended the statute of limitation of the demanding state had run and he was entitled to his release. We held:

"In a petition for writ of habeas corpus the fact that petitioner was delivered by the state authorities of Missouri to federal authorities in Missouri to be taken to Kansas for confinement in the federal penitentiary pursuant to a sen-

tence of a federal court, does not prevent the petitioner from being a fugitive from justice so as to be liable for extradition on request therefor by the governor of Missouri.

"In a proceeding such as that described in the foregoing paragraph of this syllabus, it is held that the question of whether a statute of limitations of the demanding state has run in favor of petitioner is a matter of defense and will not be considered by us in a habeas corpus proceeding, but should be raised by petitioner on his trial." (Syl. ¶¶ 1, 2.)

The instant case is even less favorable to appellant's contention. Here no warrant had been issued for appellant in Nebraska at the time he was committed to the federal penitentiary at Leavenworth and the Nebraska authorities had nothing to do with surrendering him to the federal authorities.

Appellant argues the hearing in the district court was void for the reason respondents, appellees, were not represented by counsel but were represented by the deputy sheriff. The argument is without merit. Appellant further asserts the warrant on which extradition is sought is invalid for extradition purposes for the reason the complaint and warrant were issued out of the municipal court of the county of Lancaster, Nebraska, instead of out of a state court. No controlling authority is cited in support of the contention and we are aware of none.

A petitioner for habeas corpus seeking to defeat extradition has the burden of establishing he is not a fugitive from justice. (*Ohrazada v. Turner*, supra, p. 584.) Appellee failed in that proof in the district court. The mere fact appellant was removed from the state of Nebraska upon conviction of a federal offense and was committed to the federal penitentiary at Leavenworth does not, as previously shown, prove he was not a fugitive from justice for extradition purposes and no other contention advanced entitles him to his release from custody.

The judgment of the district court is affirmed.