No. 39,402

CALVIN L. HANSON, *Appellant*, v. HERBERT NYE, Sheriff of Leavenworth County, Kansas, *Appellee*.

(270 P. 2d 790)

Opinion filed May 24, 1954.

*Calvin L. Hanson* was on the briefs *pro se.*

*Harold R. Fatzer*, Attorney General, and *Thomas M. Evans*, Assistant Attorney General, were on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an appeal from an order of the district court of Leavenworth County denying petitioner a writ of habeas corpus.

From the meager record presented to us for review it appears that in May, 1950, petitioner was charged with the offense of grand larceny in Woods County, Oklahoma, and that while confined in the county jail of Beaver County, Oklahoma, he escaped. While at large he committed a Federal offense, namely, violation of the Dyer Act. Upon being apprehended he was prosecuted by the Federal authorities and entered a plea of guilty in Federal court in Oklahoma. He was sentenced to confinement in the United States penitentiary at Leavenworth for a term of five years. In December, 1953, he was granted a conditional release from the Federal penitentiary, and pursuant to extradition proceedings brought by the state of Oklahoma is being held for delivery to the authorities of Woods County, Oklahoma, for prosecution on the grand larceny charge still pending in that county.

His application for a writ of habeas corpus being denied by the lower court, petitioner has appealed.

If we understand his contentions correctly they are that the Oklahoma state authorities waived the right to prosecute him on the grand larceny charge in Woods County by permitting him to be turned over to and prosecuted by the Federal authorities in that state, and that he is not a fugitive from justice within the meaning of the extradition act.

Both questions have on numerous occasions been decided by this court adversely to petitioner's contentions.

With respect to the question whether petitioner is a fugitive from justice, see *In re Martin*, 142 Kan. 907, 52 P. 2d 1196, and *Thompson v. Nye*, 174 Kan. 750, 257 P. 2d 937, both of which hold that one in petitioner's status and position is such a person within the meaning of the extradition act.

And, with respect to petitioner's other contention, it has been held that one who is on parole from a Federal penitentiary, and thus in constructive custody of the Federal government, cannot himself take advantage of his status by way of defense to a prosecution by state authorities, and that the matter of his custody is one of comity between the two jurisdictions and is a subject over which he has no voice. (*Powell v. Turner*, 167 Kan. 524, 207 P. 2d 492, 338 US 835, 94 L ed 509, 70 S Ct 41; *Muscia v. Turner*, 169 Kan. 445, 219 P. 2d 353, and *Foster v. Hudspeth*, 170 Kan. 338, 224 P. 2d 987, 340 US 940, 95 L ed 678, 71 S Ct 503.)

The record presents no grounds for release from custody, and the judgment of the lower court is therefore affirmed.