No. 39,691

MILO YOUNG, *Appellant,* v. C. A. EDMONDSON, Warden, Kansas State Penitentiary, et al., *Appellees.*

(280 P. 2d 571)

Opinion filed March 5, 1955.

*Milo Young* pro se.

*Harold R. Fatzer,* attorney general, and *James L. Galle,* assistant attorney general, were on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from an order and judgment of the trial court denying appellant's petition for a writ of habeas corpus.

On May 5, 1947, petitioner on his plea of guilty in two felony cases in Scott County was sentenced to confinement in the state penitentiary for a term of not less than one nor more than five years in each case, the sentences to run concurrently. Pursuant to the sentence, he was committed to the state penitentiary on May 12, 1947, and remained in that institution until December 27, 1948, at which time he was granted a parole.

On December 31, 1948, petitioner while on parole again committed a felony in Sedgwick County, and before an arrest could be made for that offense, he entered the state of Colorado, and on January 28, 1949, entered a plea of guilty to a felony committed in that state and was sentenced to be confined in the Colorado state penitentiary, where he was received on January 29, 1949. On that date, petitioner was declared delinquent by Kansas authorities on his parole from the Kansas penitentiary. Petitioner was later paroled from the Colorado penitentiary and subsequently extradited from that state by the Sedgwick County, Kansas, authorities, and on December 13, 1950, upon petitioner's plea of guilty, was sentenced by that court to confinement in the state penitentiary for a term of not less than one nor more than five years for the offense

committed there on December 31, 1948. The petitioner is now confined in the state penitentiary at Lansing.

Petitioner contends he should not be compelled to serve the balance of the sentence imposed by the Scott County district court from which the parole was revoked before entering upon the subsequent sentence imposed by the Sedgwick County district court. There is no merit to this contention. G. S. 1949, 62-1528, provides:

"If any prisoner shall violate the conditions of his parole or release as fixed by the prison board, he shall be declared a delinquent, and shall thereafter be treated as an escaped prisoner owing service to the state, and shall be liable, when arrested, to serve out the unexpired term of his maximum possible imprisonment, and the time from the date of his declared delinquency to the date of his arrest shall not be counted as any portion or part of time served; and any prisoner at large upon parole or conditional release, who shall commit a fresh crime, and upon conviction thereof shall be sentenced anew to the penitentiary, shall be subject to serve the second sentence after the first sentence is served or annulled, said second sentence to commence from the termination of his liability upon the first or former sentence."

There is no doubt that under the mentioned statute and all of our decisions, when a prisoner who is at large on parole or conditional release commits a fresh crime, he shall, upon conviction thereof and sentence thereunder to the state penitentiary, be subject to serve such second sentence after the first sentence is served or annulled, and that such second sentence is to commence from the termination of his liability upon the first or former sentence. (*Fitch v. Edmondson*, 177 Kan. 253, 277 P. 2d 627; *Craven v. Hudspeth*, 172 Kan. 731, 733, 242 P. 2d 823.)

Petitioner contends that while he was on parole from the Kansas state penitentiary he was within the constructive custody of the state of Kansas, and inasmuch as the Kansas authorities failed to demand his return from the state of Colorado prior to his conviction and sentence to the Colorado penitentiary for a felony committed in that state, Kansas waived the right to compel him to serve the balance of the sentence from which he was paroled. There is no merit to this contention. The record discloses that the parole was not revoked until after the petitioner had been sentenced and incarcerated in the Colorado penitentiary. He was not apprehended in Colorado on account of having violated his parole in Kansas and, therefore, there was no surrender of the person of the petitioner by the state. Moreover, even were we to concede that petitioner was surrendered to the Colorado authorities for trial for an offense

committed in that state, Kansas authorities did not forfeit their rights to take him into custody again when the Colorado authorities were through with him. To hold otherwise would cause friction between states, and between states and the Federal government, retarding proper law enforcement. It is a well-established rule of law that the right of priority to an accused is a matter of concern to the courts involved, it being for them, not the accused, to decide which shall try or inflict punishment upon him first. The right of priority may be waived or surrendered. Thus, one accused of an offense against both Federal and State laws or against the laws of two separate States may be subjected to trial in the courts of one of these sovereignties when the one which first had custody of his person turns him over for such purpose, accused having no right to complain of the jurisdiction thereby conferred. (22 C. J. S. 238, 239; *Hostetler v. Hudspeth*, 163 Kan. 647, 184 P. 2d 994, and cases therein cited; *Powell v. Turner*, 167 Kan. 524, 207 P. 2d 492.)

In *Hanson v. Nye*, 176 Kan. 373, 374, 270 P. 2d 790, we stated:

". . . it has been held that one who is on parole from a Federal penitentiary, and thus in constructive custody of the Federal government, cannot himself take advantage of his status by way of defense to a prosecution by state authorities, and that the matter of his custody is one of comity between the two jurisdictions and is a subject over which he has no voice." (citing cases.)

See, also, *Ohrazada v. Turner*, 164 Kan. 581, 190 P. 2d 413; *Rosenthal v. Hunter*, 164 F. 2d 949.

Other contentions made by petitioner have been carefully considered and we find that the record presents no ground for his release.

The judgment of the lower court is, therefore, affirmed.