Elmer LAVENDER, Petitioner,

v.

H. C. McLEOD, Warden of Oklahoma State Penitentiary, Respondent.

No. A–12585.

Criminal Court of Appeals of Oklahoma.

May 7, 1958.

Elmer Lavender, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

POWELL, Judge.

Elmer Lavender, an inmate of the Oklahoma State Penitentiary, seeks release by way of writ of habeas corpus. He alleges that he is serving a sentence of three years assessed on a plea of guilty to a charge of possession of stolen property.

It is urged, first, that petitioner was not advised of his constitutional rights before entering his plea of guilty, was deprived of trial by jury, etc., and hence should be released; second, that the court had no jurisdiction to give him a suspended sentence as he had been convicted four previous times; third, that the county attorney had knowledge of his prior convictions; fourth, that the action of the county attorney getting him to plead guilty was unethical.

We have a certificate, under seal, from the court clerk of Jackson County, where

defendant was convicted, in the case in that court wherein defendant entered his plea of guilty setting out the minutes in full, as follows:

"Minutes of August 7, 1957.

"State appeared by County Attorney. Defendants appeared in person. County Attorney reads the information. Defendants state names are correct on information. Defendants told of right of additional time to plead, right to be represented by attorney and right of trial by jury. Defendants enter pleas of guilty. Defendants sentenced to three years each in the Oklahoma State Penitentiary. Sentences are suspended during good behavior of defendants and payment of $60.00 court costs for each defendant.

"Minutes of August 28, 1957.

"State appeared by County Attorney. Defendant appeared in person. Witnesses sworn. Testimony given. Defendant request case be continued until 10:00 A.M. August 29, 1957 for the purpose of defendant obtaining additional witnesses. Continuation granted.

"August 29, 1957.

"Testimony continued. Witness offered by defendant. Suspended sentence revoked."

There is also a certificate from Weldon Ferris, district judge, to the effect that at the hearing to revoke his suspended sentence the petitioner herein for the first time informed the court that he had a previous record of convictions, and that defendant argued that therefore judgment and sentence of the court was void; that the court then informed the defendant that this information came too late and that the petitioner could not be heard to complain of a situation that was to his benefit. We consider this a correct statement of the law.

■ The above minutes are self-explanatory, regular, and are adverse to the contentions of the petitioner.

■ The attack on the county attorney in brief filed is not supported by the evidence; and petitioner's petition is not verified in accordance with law and is insufficient for such reason. Ex parte Conway, 97 Okl.Cr. 1, 256 P.2d 189, certiorari denied 345 U.S. 967, 73 S.Ct. 955, 97 L.Ed. 1385; Ex parte Gregory, Okl.Cr., 291 P.2d 832; Horton v. Waters, 95 Okl.Cr. 112, 240 P.2d 1129.

■ Further, in habeas corpus proceedings, the burden is upon petitioner to prove the grounds upon which he relies for his release, and the unsupported statements of a petitioner do not meet the requirements of proof. Ex parte Ryan, 75 Okl.Cr. 144, 129 P.2d 204; Ex parte Steale, 75 Okl.Cr. 183, 129 P.2d 862, certiorari denied 317 U.S. 696, 63 S.Ct. 436, 87 L.Ed. 557; Davis v. Rhyne, 181 Kan. 443, 312 P.2d 626; Engling v. Edmondson, 175 Kan. 883, 267 P.2d 487.

■ The petitioner also seeks a record of the testimony presented at the time of the revocation of his suspended sentence. Nothing is alleged as to the relevancy of the testimony offered, its nature, that it would, and just how it would, show that the trial judge abused his discretion in the revocation of the suspended sentence imposed. The rule is that the granting or revocation of a suspended sentence is discretionary with the trial court, and this court will not interfere with exercise of that discretion. 22 O.S.A. §§ 991, 992; Neeley v. State, Okl.Cr., 277 P.2d 217. The petition is insufficient in considering a petition for writ of habeas corpus, to justify a writ of mandamus from this court requiring the trial court to order a transcript of the evidence on hearing at time of revocation of suspended sentence. Title 22 O.S.A. § 991 reads:

"Whenever any person shall be convicted in any court of record for any crime other than murder, manslaughter or arson, the Judge trying said cause may, after sentence, suspend said judgment and sentence, and allow said person so convicted to be released upon

his own recognizance. Said Judge may also suspend the judgment and sentence of a youth, twenty (20) years of age or under, who has been convicted in any court of record of the crime of arson. Provided, that no such person shall be so released, who, has not, prior thereto, borne a good reputation, or who may have been, prior thereto, convicted of a felony in any state or territory of the United States."

Writs denied.

BRETT, P. J., and NIX, J., concur.