**Petition of Elbert POTTER, Petitioner, for leave to proceed for writ of injunction, in forma pauperis and showing good cause unto this court.**

United States District Court
W. D. Michigan, S. D.
Oct. 4, 1962.

FOX, District Judge.

This is a petition for writ of injunction against the State of Michigan. The petitioner is presently confined in the Federal Penitentiary in Leavenworth, Kansas. The State of Michigan seeks to detain petitioner at the end of his two-year Federal sentence for state parole violation. Petitioner claims that the State of Michigan has waived jurisdiction.

The facts are set out in the petition. Petitioner was sentenced in Washtenaw County, Ann Arbor, Michigan, on or about August 10, 1956, to serve two to four years and two to fifteen years for probation violation and assault with intent to commit unarmed robbery.

On or about August 24, 1961, he was granted parole. On or about the 15th of October, 1961, he violated his parole by leaving the State of Michigan.

Petitioner was arrested by the Kentucky State Police on or about December 23, 1961, and released to the Federal authorities for violation of the Dyer Act.

The State of Michigan was contacted by the Federal authorities concerning the state parole violation. The State of Michigan replied: "prefer Federal authorities handle". Petitioner was then convicted under the Dyer Act and sentenced to two years, which he is now serving.

Finally, on February 2, 1962, petitioner was notified by the United States Marshal's office in Lexington, Kentucky, that a detainer warrant had been lodged against petitioner by the State of Michigan for parole violation.

It is the position of petitioner that between the time of arrest by the Kentucky State Police and the trial under the Dyer Act, the State of Michigan, by its acts, waived further legal jurisdiction over petitioner.

The issue presented is thoroughly covered by the decision of the Michigan Supreme Court in In re Illova, 351 Mich. 204, 88 N.W.2d 589 (1958). In his opinion, at page 209, 88 N.W.2d at page 591, Justice Smith said:

"When a defendant has violated both state and federal laws he is liable to each sovereign and subject to prosecution by each. It is not his privilege to choose which shall first inflict punishment."

In the nearly identical fact situation, the court in Hostetler v. Hudspeth, 163 Kan. 647, 184 P.2d 994, set out the general rule also relied upon in In re Illova:

" 'The rule is stated in 22 C.J.S. Criminal Law § 145, pp. 238, 239, as follows:

" ' "As a general rule, federal courts have no right to interfere with the custody of state courts over persons in their possession. A state court may permit a federal court to exercise some jurisdiction over its prisoner without surrendering the prior jurisdiction which it has."

" ' "This *right of priority*, however, is a matter of concern to the courts involved, it being for them, not accused, to decide which shall try or inflict punishment on him first. Hence, such *right of priority may be waived*, accused having no right to complain thereof, *but such waiver extends no further than intended*. Thus, one accused of an offense against both federal and state law may be subjected to trial in the

courts of one of these sovereignties, when the other, which first had custody of his person, turns him over for such purpose, accused having no right to complain of the jurisdiction thereby conferred." ' " (88 N.W.2d page 591) (Emphasis added)

An order dismissing the petition will be entered accordingly.