Per Curiam.

Petitioner makes no attack on the validity of his original conviction in Ohio. In essence it is his contention that Ohio, by allowing the federal government to incarcerate him in a federal penitentiary for the violation of a federal statute while he was under a prior sentence by the state of Ohio, relinquished or waived its right to carry into execution the sentence previously imposed upon him by the Ohio court.
Petitioner bases his contention on the rule stated, as follows, in Ponzi v. Fessenden, 258 U. S., 254:
‘ ‘ The chief rule which preserves our two systems of courts from actual conflict-of jurisdiction is that the court which first takes the subject matter of the litigation into its control, whether this be person or property, must be permitted to exhaust its remedy, to attain which it assumed control, before the other court shall attempt to take it for its purpose.”
*42 As a statement of a general abstract rule of law this proposition is sound. It does not, however, dispose of the issue before us, and an examination of the Ponzi case itself shows the limitations thereof, as the court said at page 260:
“One accused of crime has a right to a full and fair trial according to the law of the government whose sovereignty he is alleged to have offended, but he has no more than that. He should not be permitted to use the machinery of one sovereignty to obstruct his trial in the courts of the other, unless the necessary operation of such machinery prevents his having a fair trial. He may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it. In re Andrews, 236 Fed., 300; United States v. Marrin, 227 Fed., 314. Such a waiver is a matter that addresses itself solely to the discretion of the sovereignty making it and of its representatives with power to grant it.
“One accused of crime, of course, can not be in two places at the same time. He is entitled to be present at every stage of the trial of himself in each jurisdiction with full opportunity for defense. Frank v. Mangum, 237 U. S., 309, 341; Lewis v. United States, 146 U. S., 370. If that is accorded him, he can not complain. The fact that he may have committed two crimes gives him no immunity from prosecution of either.”
Thus, although it is true that a sovereign having prior jurisdiction over one yrho has violated its laws has the right, if it chooses to exercise it, of retaining such person until it has completely exhausted its jurisdiction over him, including the payment of the penalty for the offense, such sovereign also has the power to surrender such person to another sovereign to satisfy a criminal liability owing to such other sovereign. This is well state, as follows, in Stamphill v. United States, 135 F. (2d), 177, 178:
“But a sovereign having the prior and exclusive jurisdiction and custody of a person for violation of its penal laws may voluntarily surrender him to the other for the purpose of trial on a criminal charge, and in such circumstances the question of jurisdiction and custody is essentially one of comity between the two sovereigns, not a personal right of the individual,”
*43 In Strand, Sheriff, v. Schmittroth, 251 F. (2d), 590, 595, the court said:
“It is well established that a sovereign, which has the paramount right to proceed with trial and sentence and which at the same time has custody of a defendant, may yield up the body to another sovereign and consent to trial of the defendant upon a subsequent charge by the latter and, of course, upon a prior charge. Likewise, where the defendant in a proceeding in a tribunal is a parolee, probationer or on bail from another jurisdiction and court, the sovereign in whose court the right to proceed is lodged by possession of the body or otherwise may nevertheless yield to the officers of another sovereign.”
See, also, Ramsey v. United States, 248 F. (2d), 532.
This voluntary temporary relinquishment is a matter of comity between the sovereigns and is not a question of the consent of the accused. For, as is said in Strand v. Schmittroth, supra, 594, 595:
‘ ‘ Consent may play such a role in a contest over the right to prosecute and punish an alleged offender that a meticulous analysis of this element is required.
“The consent of the accused is of no consequence. His acquiescence, approval or resistance cannot affect the choice of the forum. His consent while in physical custody of another sovereign cannot confer jurisdiction upon any tribunal. Refusal upon his part to participate in the proceedings against him in any court is of no avail. It is assumed that he is unwilling to be prosecuted anywhere. Physical presence of a defendant at all criminal proceedings is an almost universal requirement in American courts. Such presence is obtained and generally assured by arrest and confinement, which is absolute, or by release on bail, which does not guarantee the physical presence, but which may be revoked in order to secure physical presence.
“The accused is the unwilling actor. All the proceedings are without his consent and over his protest. Where two sovereigns each claim the right to proceed against him, the respective officers dispose of the matter without consulting him, He has no right or privilege to be consulted or heard. In practice, he is not consulted, since it is properly assumed that the *44 sovereigns only are concerned with disposition of the criminal charges.”
Therefore, where one has placed himself in the position of being wanted at the same time by two different sovereigns for the violation of penal statutes of both, it is a matter for the sovereigns to determine which shall first exact punishment from the offender, and not the offender. Under such circumstances it is the interested sovereigns who make the determination and the offender cannot complain of the order of his trials or punishment for such offenses. Zahn v. Kipp, Marshal, 218 F. (2d), 898; Gunton v. Squier, 185 F. (2d), 470; Young v. Edmondson, Warden, 177 Kan., 582; Nolan v. United States, 163 F. (2d), 768; Powell v. Stanford, Warden, 156 F. (2d), 355; Stamphill v. Johnston, 136 F. (2d), 291; and People v. Stoliker, 13 Cal. Reptr., 437.
As shown previously, the determinative issue is the consent of the prior sovereign to the exercise of jurisdiction over the accused by another sovereign. If the consent is present, there is no further question as to the rights of the subsequent sovereign. This consent need take no specific form; a mere abstainance from objection by the prior sovereign is sufficient.
In the absence of proof to the contrary, such consent will be presumed. Stripling v. United States, 172 F. (2d), 636; and Rawls v. United States, 166 F. (2d), 532.
However, so far as the instant case is concerned, a detainer was filed by Ohio, and it has been held that the filing of such a detainer evidences acquiescence or consent to the action of the federal government. Craig v. Hunter, 167 F. (2d), 721.
We come now to a consideration of the effect of such consent. Petitioner of course urges that this constitutes a waiver of Ohio’s right to put into execution its prior sentence.
This is not the case.
The release by the state of one in its custody or under sentence by it to the federal government to serve a subsequently imposed federal sentence does not constitute a waiver by the state to carry into execution its previously imposed sentence after the termination of the federal sentence.
The state’s right to enforce the sentence imposed by its courts was not exhausted or waived by its consent to the federal *45 action. The holding in abeyance of the sentence pending satisfaction by the petitioner of the federal penalty and the mere delay in the execution of the Ohio sentence gave no right to the petitioner to a discharge therefrom. Knowles v. Gladden, 227 Ore., 408; and 24B Corpus Juris Secundum, 688, Criminal Law, Section 1999. In State, ex rel. Smith, v. Dowd, Warden, 234 Ind., 152, the court said, in regard to this type of a situation:
“No legal or constitutional right of the appellant was violated when he was taken into custody by the federal authorities, or when he was turned over to the custody of the appellee to serve the sentence of the Madison Circuit Court. Due process had been accorded to appellant. Rooney v. Hunter (1945), 64 F. Supp., 165.
“In the opinion of the court, a delay in the execution of a judgment of commitment does not satisfy the judgment, nor does it give the criminal the right to be discharged from custody because of such delay. In the instant case, appellant’s debt to society in Indiana has not yet been paid.”
This question of waiver was before the federal court in Banks v. O’Grady, Warden, 113 F. (2d), 926, wherein the court, at page 927, said:
“The first two of these alleged reasons fail upon the same principle. It is that when a person has violated the criminal statutes of two different sovereigns, it is for the sovereigns and not the criminal to settle which shall first inflict punishment; and by the same token, when he violates two different criminal statutes of the same state, the state and not the criminal may determine the order of the punishment. It is a matter of indifference to the criminal. The power and right to punish the violater of its laws is not lost by a state because it consents to waive the infliction of punishment pending punishment by another state of the same criminal for the violation of its laws, or because it defers punishment for one offense until it has punished for a subsequent offense.”
It is clear, therefore, that, where one is at large under bail pending appeal from a conviction and sentence for a crime by a state and during such time is indicted, pleads guilty to a federal offense and without objection by the state is imprisoned *46 by the federal government, the right of the state to exact the penalty for the nonobservance of its penal laws by the accused is not waived but merely held in abeyance pending the payment of the accused’s obligation to the federal government.
Petitioner urges that he was resentenced by the court on his return from the federal penitentiary, and that the court had no jurisdiction to resentence him. It is unnecessary to pass on this contention inasmuch as the journal entry of the court clearly shows that the court did not resentence him but simply ordered the previously imposed sentence into execution.
Petitioner has had full and complete due process of the law. He was properly indicted by a valid indictment, represented by counsel and tried and convicted by a jury. He has exhausted his state remedies of appeal. More he is not guaranteed by the Constitution. He is seeking in this action to circumvent his conviction and escape the penalty of his crime by attempting to use as a shield the subsequent action of the federal government of interposing its penalty before that of the state. This he cannot do. He owed a debt to two different sovereigns. Under our law these debts must be paid, and it is not up to the accused to determine in what order they should be paid.
Petitioner has shown no lack of jurisdiction of the trial court nor any deprivation of his constitutional rights.

Petitioner remanded to custody.

Weygandt, C. J., Zimmerman, Taet, Matthias, 0 ’Neill and Griffith, JJ., concur.
Herbert, J., not participating.