No. 37,559

C. C. YAWS, *Appellant*, v. WARDEN OF NEW MEXICO STATE PENITENTIARY and JOHN DOE, Agent of the State of New Mexico, *Appellees*.

(203 P. 2d 742)

Opinion filed March 17, 1949.

*Homer Davis,* of Leavenworth, argued the cause and was on the briefs for the appellant.

*James N. Snyder,* of Leavenworth, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is a proceeding in habeas corpus. The trial court denied the writ. Petitioner has appealed.

The petitioner alleged that counsel for petitioner made the application for petitioner who was confined in the county jail of Leavenworth and detained by respondents; that the cause of his restraint was that respondents held an alleged warrant for him from officials of the state of New Mexico and petitioner was unable to set out a copy of the warrant because it was in possession of respondents. The petition then alleged that there had been no warrant for petitioner's arrest by any competent authorities within the state of Kansas; the governor of New Mexico had not made requisition upon the governor of Kansas for the extradition of petitioner; the governor of Kansas had made no finding that petitioner was a fugitive from justice from any state; that he was not a fugitive from justice from any state; that New Mexico had relinquished all claim to his custody; that the alleged warrant held by respondents was void and he was being deprived of his liberty without due process of law. He prayed to be released from custody.

In due time the petition was heard in the district court of Leavenworth county. The writ was denied and petitioner had appealed. Only a portion of the testimony of the warden of the state penitentiary of New Mexico and petitioner has been abstracted. From this it appears that petitioner was in August, 1943, sentenced to be confined in the state penitentiary of New Mexico for not less than two and a half and not more than three and one-half years for writing worthless checks. He was paroled August 1, 1945. He admitted he was the person named in a warrant issued by the governor of New Mexico offered in evidence and denied that he had violated the terms of his parole by failing to make reports. A warrant from the governor of Kansas was admitted as an exhibit. It called for the arrest of petitioner and that upon apprehension he be delivered into the custody of Howell Gage or his agent. Petitioner testified he had recently been released from the federal penitentiary at Leavenworth, where he had served a sentence for violation of the national stolen property act and upon his release he was taken into custody by the sheriff of Leavenworth county and held for the officials of New Mexico. He testified further that he was not notified of any hearing before the governor of Kansas and that New Mexico never notified him that they would apply to the governor of Kansas for a warrant to extradite him and he was not present at any hearing the governor of Kansas conducted on the subject.

The warden of the state penitentiary of New Mexico produced an

application to the governor of New Mexico for extradition of petitioner, addressed to the governor of Kansas. He also produced a warrant from the governor of Kansas and stated that this warrant had been mailed to the officials of New Mexico and he had brought it with him from there. On cross-examination he testified that he did not present the application to the governor of New Mexico; he was in charge of paroled prisoners from the penitentiary in New Mexico and that he was the person named as agent. He admitted that the warrant from the governor of Kansas was mailed to the New Mexico officials at the state penitentiary; that he never appeared before the governor of Kansas or any other official; that the entire matter was handled by mail and that the warrant had been in his possession up until the court hearing, when he turned it over to the assistant county attorney.

In answer to this petition for a writ, the respondent pleaded that he was the agent of the state of New Mexico and was holding the petitioner in custody by virtue of the governor's warrant, a copy of which he attached. This warrant was directed to the sheriff of any county in Kansas and recited that demand had been made by the governor of New Mexico upon the governor of the state of Kansas for the arrest and delivery of petitioner and recited the commitment of petitioner to the penitentiary of New Mexico, his parole, the revocation of his parole and a later commitment and that petitioner was in the state of Kansas a fugitive from justice of New Mexico; that the certification of the papers was correct and ordered that petitioner be apprehended and delivered to the agent of the state of New Mexico commissioned to receive petitioner, and ordered all sheriffs, constables and other officers to assist in the arrest of petitioner. The district court of Leavenworth county denied the application for a writ, hence this appeal.

After reciting the above facts, counsel for the petitioner points out that the entire proceedings was by mail, that is, the papers upon which the warrant issued by the governor of Kansas was issued were received by him through the mail and points out that it shows that petitioner was never arrested on the governor's warrant and that the only person who ever had his warrant in his possession was the agent of the state of New Mexico. Petitioner cites the uniform criminal extradition act, being G. S. 1947 Supp. 62-727 et seq. The argument of petitioner seems to be that he had a right to have the officials of the state of New Mexico appear per-

sonally before the governor of Kansas and that the warrant issued by the governor of Kansas should have been directed to the sheriff of Leavenworth county or some other sheriff who should have taken the appellant into custody under it. They argue on account of the authorities relying entirely upon the United States mail and not arresting appellant on the governor's warrant they had not observed due process of law with reference to petitioner.

The extradition of fugitives from justice is covered by G. S. 1947 Supp. 62-727 to 62-757. These sections comprise what is known as the uniform extradition act. It has been adopted by most, if not all, of the states. It provides that the demand from the governor of the demanding state, upon the governor of the state where the fugitive has been found, must be in writing. It does not, however, provide that there shall be any hearing at which the fugitive shall be present or of which he shall have notice. It provides that the governor may call upon the attorney general to investigate a demand, but nowhere does it provide that he must investigate it or have it investigated. There is a provision that the governor may investigate the guilt or innocence of the fugitive but only when such is necessary in identifying the person held. There is a provision for the arrest of any person without a warrant upon reasonable information that the person stands charged with a felony. In such cases he must be taken immediately before a magistrate and may be admitted to bail pending the hearing. None of these provisions apply to petitioner. The demand on the governor by the governor of New Mexico was made in writing. Extradition proceedings are no part of the trial. They are somewhat analogous to the original warrant in an ordinary prosecution. The warrant is issued on a sworn complaint but no one would contend that a defendant must be present when a warrant is issued.

There is another reason why this particular writ should not issue. The petition is directed against the warden of the New Mexico state penitentiary and John Doe, his agent. The record shows that neither the warden nor his agent have, or ever have had, petitioner in custody. He at all times has been in the custody of the sheriff of Leavenworth county. Writs of habeas corpus are issued to secure the release of petitioner from actual custody.

The judgment of the trial court is affirmed.

ARN, J., not participating.