No. 37,773

JOHNNIE E. WILSON, *Appellant,* v. LEONARD TURNER, Sheriff of Leavenworth County, Kansas, JOHN DOE, Agent of the state of Mississippi, *Appellees.*

(208 P. 2d 846)

Opinion filed July 30, 1949.

*Frank W. Clegg,* of St. Louis, Mo., and *Elisha Scott, Sr.,* of Topeka, argued the cause, and *Homer Davis,* of Leavenworth, *John J. Scott* and *Charles S. Scott,* both of Topeka, were with them on the brief for the appellant.

*C. Harold Hughes,* assistant attorney general, argued the cause, and *Harold R. Fatzer,* attorney general, and *Colonel H. Boone,* county attorney, were with him on the brief for the appellees.

The opinion of the court was delivered by

PRICE, J.: This is an appeal from an order of the lower court denying petitioner's application for a writ of habeas corpus.

The facts, as disclosed by the record before us, are as follows:

Petitioner, a member of the colored race, was convicted of three counts of burglary in Washington county, Mississippi, on February 2, 1946, and was sentenced to confinement in the Mississippi state penitentiary for five years on each count, the sentences to run consecutively. He was received at the penitentiary on February 9, 1946, and escaped therefrom on June 20, 1946. While at large he was apprehended and convicted by the federal authorities for draft evasion and sentenced to confinement in the federal penitentiary at Leavenworth, Kan.

In the spring of 1949 the Mississippi authorities, knowing that petitioner was soon to be released from the federal penitentiary, commenced extradition proceedings to return him to Mississippi to complete his sentence. Upon demand from the governor of Mississippi the governor of Kansas issued a governor's warrant for petitioner on May 17, 1949, directed to the sheriff of any county in Kansas commanding such sheriff to apprehend petitioner and deliver him into custody of the duly commissioned agent of the state of Mississippi. As petitioner was released from the federal penitentiary he was taken into custody by respondent sheriff of Leavenworth county for delivery to such authorized agent of the state of Mississippi, whereupon he brought this action in habeas corpus.

The cause was heard by the district court on May 19, 1949, at which hearing all parties were present and by counsel. The court heard testimony, including that of petitioner himself (and which will be referred to later), and denied the writ.

On appeal, petitioner's assignments of error are:

"I

"The Court committed prejudicial error as to the rights of the Petitioner in overruling his motion for Continuance.

"II

"The Court erred in denying the Application for Writ of Habeas Corpus."

With respect to the first contention it is sufficient to say that the record before us is utterly devoid of any showing of newly dis-

covered evidence or of anything to indicate that petitioner's rights were in any way prejudiced by the lower court's denial of his motion for a continuance.

In support of his second proposition petitioner argues: ·

(1) That the governor's warrant under which he is being held is void for the reason that the requisition from the governor of Mississippi and the records in support thereof, are not authenticated under the act of congress as provided by G. S. 60-2853;

(2) That his conviction and sentence in the state court of Mississippi were illegal and void in that he was denied counsel and the right to a trial by jury;

(3) That it is impossible for one of his race to receive a fair trial in Mississippi, and if he is returned there he will be put on a "chain gang." and will, therefore, be subjected to cruel and unusual punishment, all in violation of his constitutional rights.

The Uniform Criminal Extradition Act (G. S. 1947 Supp. 62-727 to 757) provides its own procedure and nowhere in it do we find any requirement that the records in support of the requisition by the governor of the demanding state be authenticated under the act of congress. Section 729 of the act sets out what the demand must contain and concludes with:

". . . and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand."

We have carefully examined the photostatic copies of the court and prison records of the state of Mississippi, certified by the governor thereof to be authentic, and they constitute a proper legal basis for the issuance of the governor's warrant by the governor of Kansas.

At the hearing in the lower court petitioner testified that he had not had a fair trial in Mississippi; that he was not represented by counsel; that he had not entered a plea of guilty, and that "there was no jury there to try him."

In opposition to such contention we have before us the photostatic copies of the court records which state that petitioner entered his plea of guilty to each of the three charges preferred against him. Even though we were of the opinion that the alleged irregularities in the Mississippi court were properly before us in this proceeding, yet we have repeatedly held that the records of courts are not to be set aside upon the unsupported statements of a defeated litigant; that in a habeas corpus proceeding where one convicted

of crime attacks a judgment under which he has been sentenced on the ground his constitutional rights have been violated, he has the burden of establishing the facts disclosing the violation of such rights by a preponderance of the evidence, and that the unsupported and uncorroborated statements of the petitioner in such a proceeding do not sustain the burden of proof or justify the granting of a writ. *Long v. Hudspeth,* 164 Kan. 720, 192 P. 2d 169; *Sims v. Hudspeth,* 166 Kan. 667, 203 P. 2d 129.

Petitioner's last contention—the one chiefly stressed in his brief and oral argument—that one of his race cannot have a fair trial in the state of Mississippi, and that if he is returned there he will be placed in a "chain gang"—is utterly without foundation in the record before us and will not be discussed. We do not deem it our duty or within our province to speculate concerning such matters with respect to a sister state.

For a detailed discussion of the Uniform Criminal Extradition Act (G. S. 1947 Supp. 62-727 to 757) and its application see our recent decisions in *Yaws v. Warden of New Mexico Penitentiary,* 166 Kan. 685, 203 P. 2d 742, and *Powell v. Turner,* 167 Kan. 524, 207 P. 2d 492.

There is really nothing unusual about this case. Petitioner was sentenced by the Mississippi court to fifteen years confinement but escaped after serving a few months of his sentence. While at large he was convicted of a federal offense, and now, upon his release from the federal penitentiary, the state of Mississippi seeks his extradition in order that he be compelled to serve the remainder of his sentence. On cross-examination at the hearing in the lower court he admitted his identity and that he was an escapee from the Mississippi authorities. Indeed, we are of the opinion that to this case may very appropriately be applied the statement contained in *In Re Faler,* 144 Kan. 348, 58 P. 2d 1119, where it was said:

"The requisition and accompanying papers being in due form, approved by the attorney general, and honored by the governor of this state, it is difficult to discern why the public authorities of Oklahoma should be hindered by habeas corpus proceedings and the delay of an appeal before the petitioners are returned to that state to answer the criminal charge there lodged against them."

Petitioner has shown no grounds for the granting of a writ and the judgment of the lower court is therefore affirmed.