No. 37,911

Joe Muscia, *Petitioner*, v. Leonard S. Turner, Sheriff of Leavenworth County, and W. D. Parker, Agent of the State of Missouri, *Respondents.*

(219 P. 2d 353)

Opinion filed June 10, 1950.

*John H. Murray,* of Leavenworth, was on the briefs for the petitioner.

*Harold R. Fatzer,* attorney general, *Willis H. McQueary,* assistant attorney general, and *Colonel H. Boone,* county attorney, were on the briefs for the respondents.

The opinion of the court was delivered by

Wedell, J.: This is an original proceeding in habeas corpus.

The petitioner has not filed an abstract as required by the rules of this court. Respondents have, however, prepared and filed a certified abstract consisting of the petition for a writ and the answer and return of respondents, the sheriff of Leavenworth county and W. C. Parker, agent of the state of Missouri.

Omitting caption the petition signed and certified by petitioner's counsel, reads:

"Your petitioner, by his attorney, John H. Murray, shows the honorable Court:

"1. That your petitioner is unlawfully deprived of his liberty by the respondents named herein and that said imprisonment is illegal.

"2. That your petitioner, Joe Muscia, was released from the United States Penitentiary, Leavenworth, Kansas, by the Federal authorities and is in constructive custody of the United States Government at this time.

"3. That a warrant was purportedly issued by the State of Missouri under date of April 28, 1943, for alleged parole violation and that said petitioner was taken into custody on said alleged warrant for alleged violation of a parole, by the sheriff of Leavenworth County, Kansas and is restrained by said sheriff on said warrant, and the restraint, imprisonment, and detention of

petitioner by said sheriff is illegal and that said warrant is of no legal force or effect, and petitioner is deprived of his constitutional rights.

"WHEREFORE, a petitioner prays that a Writ of Haheas Corpus issued to the respondent directing him to bring petitioner before this court and that this court order petitioner to be discharged from said unlawful imprisonment, detention and restraint."

Omitting caption the verified answer and return of respondents reads:

"Come now the respondents above named, and for their joint answer and return to the petition for A Writ of Habeas Corpus filed herein, respectfully state and allege to the court as follows:

"I

"That except as may be hereinafter admitted, the respondents specifically deny each, every, and all allegations, statements and averments as contained in petitioner's petition as constituting any cause of action against these respondents or grounds upon which to base the relief prayed for.

"II

"The respondents admit that the petitioner is being held in the custody of Leonard S. Turner as Sheriff of Leavenworth County, Kansas, and expressly deny that said detention is unlawful, and further allege that said petitioner is a fugitive from justice from the State of Missouri, and he is now being held in custody by the respondent, pursuant to a warrant duly and regularly issued by the Honorable Frank Carlson, Governor of the State of Kansas, for the purpose of rendition to the respondent, W. C. Parker, as agent for the State of Missouri; that attached hereto and marked 'Exhibit A' is a duly certified copy of the warrant issued by the Honorable Frank Carlson as Governor of the State of Kansas, and said Exhibit A is incorporated herein by reference and made a part hereof as if written out in full herein.

"WHEREFORE, your respondents having fully answered herein, pray that this honorable Court find that the petitioner is legally and lawfully in the custody of the respondents, and that the petitioner's application for a Writ of Habeas Corpus be denied in every respect."

The warrant of the governor of Kansas is regular in form, addressed to the sheriff of any county in Kansas and directs such sheriff to deliver into the custody of the respondent, W. C. Parker, agent of the state of Missouri duly commissioned by the governor of Missouri, to receive said petitioner, a fugitive from the state of Missouri. Upon the issues joined by such pleading this court is asked to order the release of the petitioner.

It is elementary the burden of proof is upon a petitioner to establish his unlawful detention. (*Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147; *Pyle v. Hudspeth,* 168 Kan. 706, 215 P. 2d 157.) The proof must be by a clear and convincing preponderance of the evi-

dence. (*Bissell v. Amrine,* 159 Kan. 358, 155 P. 2d 413.) The pleadings heretofore mentioned are the only record presently before this court in the instant proceeding. There is no evidence whether petitioner was released outright and permanently or conditionally by the federal authorities at the time the sheriff of Leavenworth county took him into custody pursuant to the warrant of the governor of this state. Moreover the matter of petitioner's custody is one of comity between the federal and state governments and as such is a subject over which petitioner has no voice. (*Powell v. Turner,* 167 Kan. 524, 530, 207 P. 2d 492.)

In his brief counsel for petitioner calls attention to a purported affidavit in which petitioner states to what facts he would testify were he personally present. The affidavit referred to is not competent evidence. It purports on its face to be only a copy of an alleged original affidavit. The original affidavit has not been filed in this court and is no part of the record before us. Moreover, if we gave full credit to the alleged facts contained in the copy of the purported affidavit it alone would not establish petitioner's right to release from custody.

The result is the petition for the writ must be denied. It is so ordered.