No. 40,285

JOHN JAMES McTIGUE, *Appellant,* v. ARDEN RHYNE, Sheriff of Leavenworth County, *Appellee.*

(298 P. 2d 228)

Opinion filed June 18, 1956.

*John James McTigue, pro se.*

*Robert J. Roth,* assistant attorney general, argued the cause, and *John Anderson, Jr.,* attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from an order of the district court of Leavenworth county refusing to grant petitioner (appellant) John James McTigue a writ of habeas corpus.

The facts are not in dispute. Upon receipt of the requisition from the Governor of the State of Wisconsin seeking to extradite petitioner on a charge in that state of the crime of rape (parole violator), the Governor of Kansas issued a "governor's warrant" for petitioner's arrest. Pursuant thereto, he was taken into custody by respondent. Petitioner filed a petition for a writ of habeas corpus asserting that he was restrained of his liberty by respondent for the following reasons:

"A. Whether John J. McTigue is, as a matter of law, a fugitive from justice, and extraditable as such?

"B. Whether the State of Wisconsin, relinquished jurisdiction to reclaim John J. McTigue upon extradition proceedings, when on the 5th day of July, 1953, or thereabouts, Wisconsin was notified of the whereabouts of John J. McTigue, and refused to exercise their lawful claim or reclaim custody thereof?

"C. Whether a person, forcibly brought into the State of Kansas may be extradited therefrom?

"D. Whether the state of Wisconsin had proper papers for extradition, when no copy of the original indictment was present.

"E. Whether the appellant was denied his constitutional rights, to wit: Constitutional Amendment I, 'Right of Redress.' Constitutional Amendment V 'Due Process of Law'."

At the outset it may be stated that it is a well-established general rule of law in this state, as well as other states, that a governor's warrant issued in extradition proceedings is presumed to be valid and regular in all respects. This matter was treated and the authorities analyzed in the case of *Powell v. Turner*, 167 Kan. 524, 207 P. 2d 492, 338 U. S. 835, 94 L. ed. 509, 70 S. Ct. 41, and in the case of *In re Justice*, 175 Kan. 25, 259 P. 2d 152. In view of this presumption the mere unsupported or uncorroborated statements or allegations of a defeated litigant are insufficient to overcome the presumption. (*Muscia v. Turner*, 169 Kan. 445, 219 P. 2d 353.)

The record in the court below was completely devoid of any competent evidence to support any of petitioner's contentions.

In *Powell v. Turner*, supra, we held that the governor's warrant was prima facie evidence that the petitioner was a fugitive, and the burden was upon the petitioner to overcome the prima facie case made by the warrant.

Petitioner contends he is not a fugitive because the State of Wisconsin waived and relinquished its rights to extradite him. Just how the State of Wisconsin was supposed to have waived or relinquished its rights is not shown by the record or his brief. We will assume petitioner claims this waiver resulted because the State of Wisconsin delayed for an extended period of time to extradite him as a parole violator. On this assumption, the question whether a state has relinquished its rights to recommit a parole violator cannot here be argued. The supposed waiver is a matter of defense, and a matter of defense against a crime or other charge cannot be considered in this habeas corpus proceeding, but should be raised by petitioner in the courts of the demanding state. (*Perry v. Gwartney*, 162 Kan. 607, 178 P. 2d 185; *Thompson v. Nye*, 174 Kan. 750,

752, 257 P. 2d 937.) An indicted or convicted prisoner who escapes may be extradited as a fugitive from justice, and the same is true as to a prisoner who violates his parole or whose parole has been revoked.

In the instant case, the petitioner being a parole·violator is a fugitive from justice and is extraditable as such, and the question whether the State of Wisconsin has relinquished its rights to recommit the petitioner as a parole violator is a matter to be raised in the courts of that state.

Petitioner next raises the question whether a person forcibly brought into the State of Kansas may be extradited therefrom. There is nothing in the record which could be inferred that petitioner was forcibly brought into this state or whether he came here of his own accord. However, it is immaterial under the Uniform Extradition Act. The only requirement is that he must be found in the asylum state before he can be extradited therefrom. (G. S. 1949, 62-728 and 62-731.) A prisoner may be extradited by a demanding state where he has violated his parole, even though his entry into this state was prior to the revocation of his parole and regardless of whether such entry was voluntary or involuntary. (*Powell v. Turner,* supra; *In re Justice,* supra; 35 C. J. S. 324, 327; *Ohrazada v. Turner,* 164 Kan. 581, 190 P. 2d 413.)

The next question raised by the petitioner was whether the State of Wisconsin had proper papers for extradition, and that no copy of the original indictment was present. As heretofore stated, we will not go behind the governor's warrant when it appears to be regular and valid on its face, and in the absence of any evidence to the contrary it is presumed that the governor's warrant was issued on a requisition containing a sufficient indictment or information and other documents showing the charges against the petitioner. The petitioner failed to overcome this presumption with any competent evidence.

His final contention is that his constitutional rights were denied. He failed to disclose wherein they were denied, except as heretofore discussed, and there is nothing in the record to show any violation of his constitutional rights. However, if they were violated, his right of redress is in the courts of Wisconsin. There is no violation of due process of law in extraditing this petitioner to the demanding state.

It follows that the judgment of the trial court is affirmed.