No. 40,387

ALLEN BENTON, alias ALEX DE GOODE, *Appellant,* v. ARDEN RHYNE, Sheriff of Leavenworth County, Kansas, et al., *Appellees.*

(302 P. 2d 540) .

Opinion filed October 23, 1956.

*Allen Benton,* alias *Alex DeGoode,* appellant, was on the brief *pro se.*

*John Anderson, Jr.,* Attorney General, and *Robert J. Roth,* Assistant Attorney General, were on the brief for the appellees.

The opinion of the court was delivered by

PRICE, J.: This case arises out of an attempt by the state of South Carolina to extradite appellant, and the appeal is from a judgment of the district court of Leavenworth County denying a writ of habeas corpus.

From such record as there is before us, the factual background of the matter appears to be substantially as follows:

In January, 1955, appellant was arrested in the District of Columbia, such arrest being based on information that he was a fugitive from justice in the state of South Carolina. We are told that he

had escaped from custody in that state while serving a sentence for burglary and larceny. South Carolina authorities came to Washington, D. C., to return appellant to that state. In the meantime, however, appellant was convicted of a federal offense in the District of Columbia and was sentenced and subsequently committed to the federal penitentiary at Leavenworth. On March 1, 1956, that judgment of conviction was reversed by the United States Court of Appeals for the District of Columbia (*Benton v. United States,* 232 F. 2d 341) on the ground the statute under which the conviction was had was unconstitutional. Subsequently his release from federal custody was ordered by federal authorities, and he is now in custody of the sheriff of Leavenworth County awaiting extradition to South Carolina under a governor's warrant issued by the governor of Kansas. His application for a writ of habeas corpus being denied, he has appealed.

Appellant makes several contentions. One is that South Carolina waived its rights of detention because it did not immediately return him to that state from the District of Columbia. The most that can be said of the matter is that South Carolina merely deferred and postponed its right to prosecute appellant in order to permit him to be tried on the federal charge. Even assuming that such action on the part of South Carolina constituted a waiver, the matter of custody is one of comity between the jurisdictions involved and appellant has no voice in it. Further, the question, if raised, must be raised in the demanding state and not in that of asylum.

Complaint is made that appellant was wrongfully denied bail while being held by the Kansas authorities. Assuming there is merit to this contention, the question is not before us. This appeal is from a judgment denying appellant's application for an unqualified release.

It is contended that appellant's constitutional rights were violated in that this court did not supply him funds with which to procure a transcript of the hearing had in the habeas corpus action below and for the procurement of copies of proceedings had in the District of Columbia. No statute is cited and we know of none, or any other authority, to support appellant's contention under the facts and circumstances here present.

It also is argued that appellant was forcibly and illegally brought

to Kansas in the first instance because of the fact that his conviction in the District of Columbia was subsequently voided and set aside on appeal. This contention is without merit for the reason that the means or manner by which appellant came into Kansas are immaterial in a proceeding of this nature.

In passing it is to be noted that appellant makes no claim that he is not the individual named in the governor's warrant, notwithstanding the fact that instrument refers to him as "Alex DeGoode," and neither is it contended that the governor's warrant is in any respect irregular.

The record before us establishes no ground justifying appellant's release from custody. Most, if not all, of the questions raised by him have been answered adversely to his contentions in the following decisions of this court: *In re Martin*, 142 Kan. 907, 52 P. 2d 1196; *Perry v. Gwartney*, 162 Kan. 607, 178 P. 2d 185; *Yaws v. Warden of New Mexico Penitentiary*, 166 Kan. 685, 203 P. 2d 742; *Powell v. Turner*, 167 Kan. 524, 207 P. 2d 492, 338 U. S. 835, 94 L. ed. 509, 70 S. Ct. 41; *Wilson v. Turner*, 168 Kan. 1, 208 P. 2d 846; *Muscia v. Turner*, 169 Kan. 445, 219 P. 2d 353; *Thompson v. Nye*, 174 Kan. 750, 257 P. 2d 937; *In re Justice*, 175 Kan. 25, 259 P. 2d 152, and *McTigue v. Rhyne*, 180 Kan. 8, 298 P. 2d 228.

The judgment is affirmed.