470

No. 40,424

Louis Montgomery, *Appellant*, v. Arden Rhyne, Sheriff of Leavenworth County, *Appellee*.

(304 P. 2d 545)

Opinion filed December 8, 1956.

*Elisha Scott, Sr.*, of Topeka, argued the cause and was on the briefs for the appellant.

*Fred W. Rausch, Jr.*, assistant attorney general, argued the cause and *John Anderson, Jr.*, attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Smith, C. J.: This was a habeas corpus action. The trial court denied the writ. Petitioner has appealed.

The petitioner had been confined in the federal penitentiary at Leavenworth. Some time before his sentence expired the state of Mississippi asked that he be held for it. Extradition proceedings were begun and in due time the warrant of the governor of Kansas was issued. Petitioner was delivered to the sheriff of Leavenworth county to be held by him awaiting action on the requisition proceedings. While he was thus being held this petition in habeas corpus was filed in the district court of Leavenworth county. That court denied the writ. Hence this appeal.

There are some deficiencies in the record. Since this is a habeas corpus action and the petitioner is confined in jail we have relaxed our rules, waived a cost deposit and permitted the petitioner's abstract and brief to be filed in typewritten form. The attorney general has printed all the pertinent facts of the record.

Petitioner states that at the expiration of his sentence in the federal prison when he was released he was arrested by an agent of Mississippi on a pretended charge of burglary and larceny. That statement is not quite correct. Petitioner had been convicted of eight counts of burglary and larceny. While he was held in jail awaiting transportation to the state penitentiary he escaped. While thus at liberty he became involved in a Dyer act charge, which resulted in his being incarcerated in the federal penitentiary.

In this court petitioner first argues he was denied due process of law by being a victim of unanticipated extenuating circumstances and by being misinformed by the governor's secretary that the demanding state had not filed a requisition. His point here is that he thus was denied an opportunity to request the governor to deny the request of the governor of Mississippi. At the oral argument this resolved itself into a dispute between counsel for petitioner and counsel for the respondent. Without attempting to resolve that conflict, suffice it to say the governor's warrant was issued on June 2, 1956. Had there been any disposition on the part of the governor to consider the matters urged by counsel, why this warrant should not have been issued in the first place, there has been ample opportunity and time for petitioner to have asked him to withdraw this warrant. Nothing has been done in that direction. At any rate, this is nothing into which this court should inquire now. (See *Yaws v. Warden of New Mexico Penitentiary,* 166 Kan. 685, 203 P. 2d 742.)

The next argument of petitioner is that this court should inquire into the right of extradition of the demanding state. He argues this court should inquire into and consider his claim that he did not receive a fair trial in Mississippi. The proper forum in which he should present this question is the courts of Mississippi. This court has no jurisdiction to inquire into the manner in which a court in Mississippi conducts its trials. (See *McTigue v. Rhyne,* 180 Kan. 8, 298 P. 2d 228.)

The judgment of the trial court is affirmed.