No. 47,325

Ralph Woody, *Appellant,* v. State of Kansas, *Appellee.*

(524 P. 2d 1150)

Opinion filed July 17, 1974.

*Patrick J. Hurley,* of Leavenworth, argued the cause, and was on the brief for the appellant.

*Patrick J. Reardon,* county attorney, argued the cause, and *Vern Miller,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

Schroeder, J.: This is an appeal from an order of the District Court of Leavenworth County, Kansas, refusing to grant Ralph Woody's petition for a writ of habeas corpus. The petition stems from extradition proceedings initiated by the Governor of Arkansas who made demand upon the Governor of Kansas for the extradition of Woody.

Woody contends the requisition and demand from the Governor

of Arkansas were defective and should not have been recognized by the Governor of Kansas, and he also contends he was denied his right to assistance of counsel.

Ralph Woody (petitioner-appellant) was a federal prisoner in the United States Penitentiary at Leavenworth, Kansas, for a period of time until his release on January 16, 1973. Upon his release from the federal penitentiary he was transferred to the custody of the sheriff of Leavenworth County, Kansas. On the same date the sheriff filed a complaint in the magistrate court, stating that Woody had been arrested "upon reasonable information" that he was charged in the State of Arkansas with a crime punishable by imprisonment in excess of one year and had been brought before the court with all practical speed. A warrant was issued from the magistrate court in Leavenworth County on January 16, 1973, which recites that the appellant is the person charged by complaint with having been convicted of grand larceny in Arkansas. The magistrate court thereupon ordered Woody held for 30 days to allow Arkansas authorities time to complete the extradition requirements.

Also on January 16, 1973, Woody filed a motion and affidavit for leave to proceed in *forma pauperis* and a petition for a writ of habeas corpus, alleging:

"Petitioner was a federal prisoner of the United States Penitentiary, Leavenworth, Kansas, where he served a two (2) year term imposed by the United States District Court of South Dakota; that his term of imprisonment expired on the date of January 16, 1973; that petitioner is 'wanted' by the State of Arkansas for service of a term of imprisonment of eighteen years, which he has never commenced to serve; that the offense for which he was allegedly convicted of in the State of Arkansas is for a charge and conviction of stealing thirty-five ($35.00) dollars.

"The Arkansas Department of Corrections will have an agent in Leavenworth, Kansas, on the date of January 16, 1973, and possibly following that date, who will attempt to take custody of this petitioner, with the intention of removing him to the State of Arkansas.

"*However, the agent from the State of Arkansas does not have in his possession any proper warrant or authority, to authorize him to take custody and remove the petitioner from the State of Kansas.*

"The State of Arkansas has never sought extradition and does not possess a rendition warrant, issued by Governor Docking of the State of Kansas. Further, petitioner points out that the Arkansas penal commitment is not legal and valid because part of the actual trial, in which the commitment was assessed was conducted in petitioner's absence. In that, petitioner has never been before an Arkansas Circuit Court for sentencing in this matter. This

commitment was received at the U. S. P. record office, while petitioner was serving his two (2) year sentence.

"Therefore, petitioner must maintain that he is not the person named in the Arkansas penal commitment, because he has never been before an Arkansas Circuit Court for sentencing. The said commitment will further show and establish that no allocution has been given the named defendant therein, establishing a legal and valid conviction under the laws of Arkansas and the State of Kansas."

In his petition Woody requests an order staying his removal to the State of Arkansas.

The particular grounds alleged in the petitioner's application for a writ were: (1) That the sheriff of Leavenworth County did not have a proper fugitive warrant and therefore could not restrain the petitioner; (2) that the agent from the State of Arkansas did not have sufficient papers, documents, etc. to indicate that the appellant is the person who has been convicted in Arkansas; (3) that the State of Arkansas failed to annex a copy of a grand jury indictment, or a complaint made before a magistrate which is required under the federal laws governing and controlling interstate rendition; (4) that the petitioner was not in Arkansas at the time the alleged crime was committed; and (5) that the procedure and tactics employed by the State of Arkansas in seeking the petitioner's custody from Kansas is "wholly" inconsistent with Kansas law and the United States Constitution.

On the 15th day of February, 1973, Woody filed a motion in the district court for the appointment of legal counsel to represent him in the habeas corpus proceedings. There is no indication in the record that this motion was ever acted upon by the district court.

A hearing was conducted by the district court on Woody's petition for writ of habeas corpus on March 30, 1973. Woody was asked by the assistant county attorney whether he was represented by counsel, to which Woody replied, "No, sir, I desire to go ahead and represent myself at this time." At the hearing the state introduced into evidence a warrant dated March 9, 1973, issued and signed by Robert B. Docking, Governor of Kansas, duly attested, which appears to be regular in all respects. Also introduced into evidence by the state was the Governor of Arkansas' authorization of an agent to receive Woody from Kansas authorities and convey him to Arkansas; a request to the Governor of Arkansas from the Superintendent of the Arkansas Department of Corrections for the extradition of Woody; an affidavit of the Superintendent of the Arkansas Department of Corrections disclosing that Woody was

sentenced to serve eighteen years on October 26, 1972, by the Circuit Court of Mississippi County, Arkansas, for grand larceny; and another document by the Superintendent of the Arkansas Department of Corrections certifying that the (1) photograph; (2) summary; (3) department of corrections commitment; and (4) release notice attached were copies of the original records of Woody and were accurate copies of the originals on file in the superintendents office.

At the hearing Woody indicated he had previously been at the hearing in the Governor's office in Kansas and was acquainted with the warrant issued by Governor Docking and the documents submitted at the Governor's extradition hearing. The thrust of Woody's argument at the hearing was that the demand for extradition issued by the State of Arkansas failed to comply with the mandates of K. S. A. 22-2703, in that it did not contain a copy of a judgment of conviction, or a statement by the executive authority that the person demanded escaped from confinement, or has broken the terms of his bail, probation or parole, or that some portion of the sentence remains unexecuted. The trial court took the matter under advisement.

On the 2nd day of April, 1973, a journal entry was filed in the District Court of Leavenworth County denying the writ of habeas corpus, and finding the warrant issued by the Governor of Kansas to be valid. It ordered the delivery of Woody into the custody of the duly commissioned agents of Arkansas.

On the 4th day of April, 1973, Woody filed a notice of appeal from the order of April 2, 1973, and he also filed a motion for a stay of execution of the order authorizing his removal from Kansas.

On the same date the trial court heard the matter with the agents of Arkansas present in the courtroom ready to take custody of Woody. The appellant argued, pro se, that he had a right under Kansas law to appeal the determination of his application for the writ of habeas corpus, and that this would be a rather meaningless right if extradition were permitted while the appeal was pending. Woody also called the court's attention to his motion for the appointment of counsel filed in the habeas corpus proceeding, and stated the trial court had not acted upon the motion to his knowledge, and he therefore assumed the trial court must have denied his motion since counsel was not appointed to represent him at the original hearing.

Woody contended he did not know of the order of April 2nd until

April 4, 1973, when the agents were present and Woody was brought before the court.

The trial court granted Woody's motion to stay execution and on the 4th day of June, 1973, counsel was appointed to represent Woody. On the 22nd day of June, 1973, Woody's appointed counsel filed a motion for rehearing in the habeas corpus proceeding, alleging the petitioner was not represented by counsel at the original hearing and as a result was not able to adequately and efficiently present his case to the court. Counsel also stated substantial reasons existed to believe there was merit to the petitioner's allegations and the matter should be reheard and properly presented to the court.

On the 28th day of June, 1973, a hearing was conducted in the District Court of Leavenworth County to consider Woody's motion for rehearing. Counsel for the parties were present. Counsel for Woody argued that documents presented at the Governor's hearing were not submitted in the habeas corpus proceeding before the District Court of Leavenworth County, Kansas, and that a rehearing should be granted so that these documents could be introduced in evidence to show that the Governor's warrant was improvidently issued. He argued the documents in question were not among the papers made a part of the record in the habeas corpus proceeding.

The assistant county attorney thereupon admitted the documents presented at the habeas corpus proceeding had been withdrawn. The papers withdrawn were then resubmittted and made a part of the record after counsel for Woody requested that the case be reopened to receive the documents and to make them a part of the record.

Upon denial of the motion for rehearing counsel for Woody amended his notice of appeal to include an appeal from the judgment entered on June 28, 1973, denying Woody's motion for rehearing.

The appellant contends the trial court erred in failing to appoint counsel to represent him at the hearing on his petition for a writ of habeas corpus.

Kansas has adopted the Uniform Criminal Extradition Act. K. S. A. 1973 Supp. 22-2710, which is a part of the Act, provides:

"No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record

in this state, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel; and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. When such writ is applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the prosecuting attorney of the county in which the arrest is made and in which the accused is in custody, and it shall be the duty of the prosecuting attorney to notify said agent of the demanding state."

The Supreme Court of Illinois has held that the Uniform Criminal Extradition Act, which provides that the accused who has been arrested for purposes of extradition has the right to demand and procure counsel, requires that counsel be appointed to represent indigent persons who do not have means to procure counsel for themselves, and refusal to appoint counsel to represent the petitioner in a habeas corpus proceeding brought under the Uniform Criminal Extradition Act was erroneous. (*Peo. ex rel. Harris v. Ogilvie*, 35 Ill. 2d 512, 221 N. E. 2d, 265 [1966].)

Embraced within the Kansas Aid to Indigent Defendants Act is K. S. A. 1973 Supp. 22-4506. It provides in part:

"If any person is in custody under a sentence of imprisonment upon conviction of a felony, and such person shall file a petition for writ of habeas corpus or a motion attacking sentence under K. S. A. 60-1507 and shall file with such petition or motion his affidavit stating that the petition or motion is filed in good faith and that he is financially unable to pay the costs of such action and to employ counsel to assist him, the court shall make a preliminary examination of the petition or motion and the supporting papers; and if the court finds that the petition or motion presents substantial questions of law or triable issues of fact and if the petitioner or movant has been, or if he shall thereafter be, determined to be an indigent person, as provided in section 4[22-4504], the court shall appoint counsel from the panel to aid indigent defendants to assist such person and authorize the action to be filed without a deposit of security for costs. . . ."

The appellant in his motion for the appointment of counsel alleged his restraint was based upon an accusation that he was a fugitive accused of a "felony" criminal offense. The supporting documents submitted with the demand for Woody's extradition disclose his conviction and commitment to a penal institution in the State of Arkansas for the offense.

Under the foregoing statutes an accused who has been arrested for purposes of extradition, to answer for a felony offense committed in another jurisdiction, is entitled to the appointment of

counsel in a habeas corpus proceeding brought under the Uniform Criminal Extradition Act in Kansas, where it is established that the accused is an indigent person who does not have means to procure counsel for himself. The refusal to appoint counsel to represent a petitioner in a habeas corpus proceeding brought under the Uniform Criminal Extradition Act is erroneous.

The appellant's decision to represent himself at the hearing on the habeas corpus petition was explained by the appellant in the subsequent hearing on his motion for rehearing. Inasmuch as the court had made no ruling on the appellant's motion for the appointment of counsel, the appellant assumed the trial court had denied his motion. There is nothing in the record to indicate the trial court at any time ruled upon the appellant's motion for the appointment of counsel. Under the circumstances the appellant's decision to proceed without counsel at the time of the hearing cannot be construed as a waiver of his right to request counsel.

Subsequent action by the trial court, however, in appointing counsel to represent the appellant has not resulted in prejudice to the appellant as a result of these proceedings. When counsel was appointed the first thing the appellant's counsel did was to file a motion for the rehearing on the habeas corpus petition. Evidence which counsel for the appellant desired to submit was all made a part of the record at the time the motion for rehearing was argued. Counsel for the appellant stated in open court when asked whether he had any new evidence to present that he did not "have physical evidence on behalf of the petitioner that was not presented. To my knowledge—". Counsel for the appellant then said:

". . . [I]t would be reviewing the papers [introduced in the original hearing] again, and I can assure the Court I would be maintaining that there are deficiencies for various reasons."

The court overruled the motion by saying,

"Well, I have gone through all that. So for the record I will deny the motion for rehearing, and he can go ahead and perfect his appeal, . . ."

As a result of the foregoing all legal questions the appellant and his counsel desired to present at the hearing on the habeas corpus petition were before the trial court and were considered by the trial court in denying the appellant's motion for rehearing. Those same questions are properly before this court for review on appeal. Accordingly, the appellant was not prejudiced by the refusal of the trial court to appoint counsel for him at the original hearing on the

habeas corpus petition. Counsel for the appellant was instrumental in getting all the evidence before the trial court which he desired to get into the record.

In the points asserted on appeal, the appellant contends the requisition and demand by the Governor of the State of Arkansas was defective because: (1) It was not accompanied by a copy of the indictment, information, or an affidavit made before a magistrate, together with copy of a warrant issued thereupon, or by a copy of the judgment of conviction or sentence imposed in execution thereof, as required by statute; (2) It did not contain a statement by the executive authority of the demanding state, that the sentence or some portion of it remains unexecuted, and that the person claimed has not been paroled or discharged or otherwise released therefrom, as required by statute; and (3) The supporting documentation and papers were not properly authenticated by the executive authority making the demand, as required by statute. He also contends the application for requisition was defective because it was not properly verified by affidavit, and was not accompanied by the proper supporting documentation or papers as required by statute.

In arguing the foregoing points in his brief the appellant lumps them together asserting that the requisition and demand from the Governor of Arkansas were defective and should not have been recognized by the Governor of Kansas.

K. S. A. 1973 Supp. 22-2703, which is a part of the Uniform Criminal Extradition Act, provides:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging, except in cases arising under section 22-2706, *that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state,* and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; *or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has* escaped from confinement or has broken the terms of his bail, probation or parole, or that the sentence or some portion of it remains unexecuted and that the person claimed has *not been* paroled or *discharged or otherwise released therefrom.* The indictment, information, affidavit or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; *and the* copy of indictment, information, affidavit, *judgment of conviction or*

*sentence must be authenticated by the executive authority making the demand."*
(Emphasis added.)

The warrant issued by the Governor of Kansas for the arrest of the appellant reads as follows:

*"UNITED STATES OF AMERICA*

THE STATE OF KANSAS

*TO THE SHERIFF OF ANY COUNTY, KANSAS:*

"WHEREAS, Demand has been made by the Governor of the State of Arkansas upon the Governor of the State of Kansas for the arrest and delivery to the authorities of the said State of Arkansas of Ralph Woody alleged fugitive from justice from said State:

"AND WHEREAS, The said Governor of Arkansas aforesaid has produced a copy of a Commitment in the Circuit Court of the County of Mississippi in the State of Arkansas, in and by which Ralph Woody the said fugitive stands charged and convicted with having committed, in the County of Mississippi aforesaid, the crime of Grand Larceny

"AND WHEREAS, It has been made to appear to me that the said Ralph Woody is within the State of Kansas, fugitive from the justice of the said State of Arkansas;

"AND WHEREAS, The said Commitment is certified by the Governor of said State of Arkansas as authentic and the said demand and copy of said Commitment are now on file in the Executive Office of the State of Kansas:

"Now, THEREFORE, I, Robert B. Docking, Governor of the State of Kansas, by virtue of the authority in me vested by the laws of this State, do hereby command you to apprehend, secure and deliver the said fugitive aforesaid into the custody of L. E. Lagrone &/or agents of the Ark. Dept. of Correction, the agent of the State of Arkansas, duly commissioned by the Governor thereof to receive said fugitive if he may be found within the limits of this State. And I further command all Sheriffs, Coroners, Constables, and other officers to whom these presents may be shown, to aid and assist in the arrest of the fugitive aforesaid, and the execution of this Warrant. Of this writ, and your proceedings thereon, you will make return to this office.

"IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the Great Seal of the State of Kansas. Done at Topeka, this 9th day of March A. D. 1973.

(SEAL)                                                  /s/   Robert B. Docking,
                                                                 Governor.

/s/   Elwill C. Shanahan,
        Secretary of State."

Counsel for the appellant in his brief admits the Governor's warrant in this case is on its face regular in every respect. From the recitals in the Governor's warrant it is made to appear that the provisions of 22-2703, *supra,* have been fulfilled.

In *McTigue v. Rhyne,* 180 Kan. 8, 298 P. 2d 228 the court said:

"At the outset it may be stated that it is a well-established general rule of law in this state, as well as other states, that a governor's warrant issued in

extradition proceedings is presumed to be valid and regular in all respects. This matter was treated and the authorities analyzed in the case of *Powell v. Turner*, 167 Kan. 524, 207 P. 2d 492, 338 U. S. 835, 94 L. ed. 509, 70 S. Ct. 41, and in the case of *In re Justice*, 175 Kan. 25, 259 P. 2d 152. In view of this presumption the mere unsupported or uncorroborated statements or allegations of a defeated litigant are insufficient to overcome the presumption. (*Muscia v. Turner*, 169 Kan. 445, 219 P. 2d 353.)

✻ ✻ ✻ ✻ ✻

"In *Powell v. Turner*, supra, we held that the governor's warrant was prima facie evidence that the petitioner was a fugitive, and the burden was upon the petitioner to overcome the prima facie case made by the warrant." (p. 9.)

An argument was advanced by the petitioner in *McTigue v. Rhyne*, supra, similar to the one advanced by the appellant herein, and it was held a petitioner attacking the Governor's warrant had the burden of proving any deficiency in the Governor's warrant.

Here the appellant contends because certain matters or documents were not in the sheriff's file and presented in evidence at the March 30, 1973, hearing in the District Court of Leavenworth County on the habeas corpus petition, this court should conclude the recitals listed in the Governor's warrant are inaccurate—that the requisition and demand from the Governor of Arkansas filed in this matter were defective even though the opposite is clearly set forth in the Governor's warrant. On this premise he contends the trial court was in error in denying the petitioner's writ and in failing to discharge him from custody.

The appellant by his own admission in the instant case was at the hearing in the Governor's office prior to the issuance of the Governor's warrant. His remarks to the court at the hearing on his petition at the March 30, 1973, hearing indicate he was familiar with the documents submitted at the Governor's hearing. His own remarks at the hearing were pertinent, relevant and logical and confined to the issues he sought to raise.

No indication was made by counsel for the appellant at the argument on the motion for rehearing that he desired to subpoena all of the requisition papers that existed in the office of the Governor's pardon and extradition attorney, even though the warrant of the Governor of Kansas specifically recited compliance with all statutory requisition requirements. The Governor's warrant specifically recited that the appellant's "Commitment is certified by the Governor of . . . Arkansas as authentic and the said demand and copy of said Commitment are now on file in the Executive Office of the State of Kansas."

In other words, the deficiencies upon which counsel for the appellant relies in the instant case to defeat extradition would have been dispelled had the documents on file in the Executive Office of the State of Kansas been produced at the hearing and confirmed the recitals in the Governor's warrant.

Though not a part of the record in this case, counsel for the state set forth in a supplemental record the following documents on file in the Executive Office of the State of Kansas: (1) The requisition of the Governor of Arkansas to the Governor of Kansas, and (2) The Arkansas commitment of the appellant, disclosing an eighteen year sentence which recited the appellant was required to serve one-third of his time before being eligible to apply for a parole. The requisition certified the documents attached thereto were authentic and duly authenticated in accordance with the laws of the State of Arkansas.

The posture in which this case is presented for review on appeal confirms the wisdom of the rule stated in *McTigue v. Rhyne,* supra, —that the Governor's warrant issued in extradition proceedings is presumed to be valid and regular in all respects, thus casting the burden of proof upon the petitioner to overcome the *prima facie* case made by the Governor's warrant.

A person accused or convicted of crime does not have to leave a state voluntarily to be a fugitive from justice and subject to extradition. The fact that the petitioner was brought into the asylum state by federal authorities does not alter his situation, and he is subject to be delivered to the demanding state upon proper extradition process. (*In re Martin,* 142 Kan. 907, 52 P. 2d 1196.) The general rule is where one commits an offense in the demanding state and thereafter goes or is taken into another or asylum state, his motives in leaving or the reasons why he has left the demanding state are immaterial. (*Davis v. Rhyne,* 181 Kan. 443, 312 P. 2d 626.)

Alleged irregularities in the appellant's petition concerning the course of the trial resulting in his Arkansas conviction are immaterial. It is not the province of the Kansas courts to go behind the Governor's warrant to inquire into alleged irregularities in the courts of the demanding state. (*Smith v. Nye,* 176 Kan. 679, 272 P. 2d 1079; and *McTigue v. Rhyne,* supra.)

We conclude that where an accused challenges extradition in a habeas corpus proceeding under the Uniform Criminal Extradition Act, the court will not go behind the Governor's warrant when

it appears to be regular and valid on its face, and in the absence of any evidence to the contrary it is presumed the Governor's warrant was issued on a requisition containing a sufficient commitment and other documents showing the petitioner to be a fugitive from justice.

The petitioner having failed to overcome this presumption with any competent evidence, the judgment of the lower court is affirmed.