(877 P.2d 5)
No. 71,010

EUGENE CARL ALEXANDER, *Appellant*, v. STATE OF KANSAS, *et al., Appellees.*

Opinion filed June 10, 1994.

*Terri L. Harris*, of Lansing, for appellant.

*Frank E. Kohl*, county attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before GERNON, P.J., ELLIOTT and GREEN, JJ.

ELLIOTT, J.: Eugene Carl Alexander appeals the denial of his habeas corpus petition which challenged his extradition to Texas.

Due to serious irregularities on the face of the documents filed by Texas, we are compelled to reverse.

Our review of this case is somewhat hampered because the original governor's warrant from Texas and supporting documentation are not part of the record on appeal. We were advised the district court does not have the documents either. The Leavenworth County Sheriff's Office has the documents and will not release the originals. At our request, the district court clerk obtained *copies* of the documents but is unable to certify them because they were never filed in district court.

In hearing a petition for habeas corpus challenging extradition, we are limited to a determination of whether the documents *on their face* are in order, whether petitioner has been charged with a crime in the demanding state, whether petitioner is the person named in the extradition request, and whether petitioner is a fugitive. *State v. Smith*, 232 Kan. 128, 133, 652 P.2d 703 (1982).

Because the governor's warrant and supporting documents are written instruments, our review is plenary. See *Penalosa Co-op Exchange v. Farmland Mut. Ins. Co.*, 14 Kan. App. 2d 321, 323, 789 P.2d 1196, *rev. denied* 246 Kan. 768 (1990).

A governor's warrant issued in extradition proceedings is presumed valid, and the burden is on petitioner to show fatal defects. *Woody v. State*, 215 Kan. 353, Syl. ¶ 2, 363, 524 P.2d 1150, *cert. denied* 419 U.S. 1003 (1974).

K.S.A. 1993 Supp. 22-2703 provides that a demand for extradition must be in writing and have attached to it an authenticated copy of the judgment of conviction or sentence imposed together with a statement by the governor that the person has escaped or is otherwise in violation of his or her sentence, parole, probation, etc.

In the present case, the journal entry of conviction and sentence is not properly authenticated. The journal entry is a corrected judgment of a plea of guilty to murder in case No. 89 CR 2355 W, involving Eugene Carl Alexander. It was signed in May of 1991 and corrected an order originally made May 4, 1989, and signed May 5, 1989. The certificate purporting to authenticate this document asserted it to be a true and accurate copy of a judgment signed May 15, 1989, in case No. 89 CR 23552. Nowhere on the journal entry of judgment does the date of May 15, 1989, appear.

We must conclude the serious irregularities on the face of the documents render them improperly authenticated under K.S.A. 1993 Supp. 22-2703.

Alexander also denies he is a fugitive from Texas, asserting Texas voluntarily surrendered him to federal authorities, who sent him to Leavenworth. Because he did not *flee* Texas, he claims he cannot be a fugitive. This argument is without merit. See *Woody*, 215 Kan. at 363.

We need not address other issues raised by Alexander. Due to the serious irregularities on the face of the extradition documents from Texas, they should not have been honored by the trial court.

Before closing, we commend the manner in which the State responded to this expedited appeal, filing its brief six days before oral argument.

The district court's denial of Alexander's petition for a writ of habeas corpus is reversed.

Reversed.